UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BLOM ASA,

                        Plaintiff,

                                                    <u>DECISION AND ORDER</u>

                                                    10-CV-6607L

          v.

PICTOMETRY INTERNATIONAL CORP.,

                        Defendant.
_____

       On December 2, 2010, the Court issued a Decision and Order in this case, ___ F.Supp.2d ___, 2010 WL 4922636, which granted in part and denied in part cross-motions for preliminary injunctions filed by plaintiff Blom ASA ("Blom") and defendant Pictometry International Corp. ("Pictometry"). In that decision, familiarity with which is assumed, the Court, in effect, ordered both parties to continue performing their obligations under their Amended and Restated Technology License Agreement that became effective on January 29, 2009 ("License Agreement").

       Noting that Blom, pursuant to the terms of the License Agreement, had filed a request for arbitration with the International Chamber of Commerce ("ICC"), asserting claims for breach of contract against Pictometry, the Court further directed that "[t]his injunction shall remain in effect until further order of this Court, without prejudice to the parties seeking additional or other conservatory relief from the ICC arbitration panel. ... Upon the issuance of an order by the ICC arbitration panel granting such relief, the parties may return to this Court to seek a modification of this Order, to conform to the relief granted by the ICC arbitration panel." 2010 WL 4922636, at *9.

       Pictometry has now filed a motion to dissolve the Court's December 2 injunction or to hold Blom in contempt of the order issuing that injunction, and to file certain documents in support of

that motion under seal. (Dkt. #25.) For the following reasons, the motion is granted in part and denied in part.

**DISCUSSION**

The gist of Pictometry's motion is that Blom has violated this Court's previous injunction by failing and refusing to fulfill its obligations under the License Agreement. Pictometry alleges that Blom has failed to pay it royalties, has failed to provide Pictometry with certain documents to which Pictometry is entitled, and has violated Pictometry's trademark rights.

As I indicated in my prior decision, "[t]he parties have selected the ICC as their chosen forum and there is no good reason why that body should not entertain whatever application is made for conservatory relief." 2010 WL 4922636, at *9. The ICC Rules provide that the parties may seek "interim or conservatory measure[s]" from the ICC, *see id.* at *1, and I see no reason why the relief requested here should not be sought from the ICC in the first instance. In addition, I do not believe that Pictometry has made a sufficient showing that any harm occasioned by Blom's alleged actions will not be remediable by an award of damages. *Polymer Technology Corp. v. Mimran*, 37 F.3d 74, 82 (2d Cir. 1994).

I therefore deny Pictometry's motion to dissolve the injunction and to hold Blom in contempt. Based on the papers filed in support of that motion, however, I do grant Pictometry's motion to file under seal the declaration of Robert Carroll and Pictometry's memorandum of law, copies of which have been submitted to the Court.

**CONCLUSION**

The motion by Pictometry International Corp. to dissolve this Court's December 2, 2010 injunction, or in the alternative to hold Blom ASA in contempt (Dkt. #25) is granted in part and

denied in part. The motion to file under seal the Declaration of Robert Carroll and Pictometry's memorandum of law in support of its motion is granted, and the Clerk of the Court is directed to file those documents under seal. In all other respects, the motion is denied.

    IT IS SO ORDERED.

                                      _____
                                              DAVID G. LARIMER
                                         United States District Judge

Dated: Rochester, New York
       March 31, 2011.