UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BLOM, ASA

                              Petitioner,

                                                                        DECISION AND ORDER

                                                                            10-CV-6607L

                         v.

PICTOMETRY INTERNATIONAL CORP.,

                              Respondent.
_____

       By motion filed July 13, 2011, Blom, ASA ("Blom"), seeks an injunction from this Court enjoining defendant Pictometry International Corp. ("Pictometry"), from litigating an action between the parties in Norway. That Norwegian court has recently denied Blom's motion to dismiss the action pending there and has scheduled a hearing for later this week, July 20-21, 2011. In part, Blom's argument before that court was that the matters at issue there should be reserved either for this Court or the Arbitration Panel constituted by the International Chamber of Commerce ("ICC").

       For essentially the reasons advanced in Pictometry's Memorandum in Opposition, dated July 18, 2011, and the supporting Declaration of Kimberly I. Shimomura, sworn to on July 18, 2011, I deny Blom's motion.

       While there are circumstances under which a federal court may issue an anti-suit injunction against parallel litigation in a foreign court, such relief is extraordinary and not to be lightly granted. *See* , *e.g.*, *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 652 (2d Cir. 2004) ("[P]rinciples of comity counsel that injunctions

restraining foreign litigation be used sparingly and granted only with care and great restraint") (internal citations and quotations omitted)).

That principle applies whether the injunction is directed against the foreign court itself or against a party to the foreign litigation. "Because 'an injunction against a party [may be] tantamount to enjoining the tribunal of a foreign sovereign,' ... '[t]his extraordinary power should be used sparingly.'" *Space Imaging Europe, Ltd. v. Space Imaging L.P.*, No. 98 Civ. 2291, 1999 WL 511759, at *6 (S.D.N.Y. July 19, 1999) (quoting *Nagoya Venture Ltd. v. Bacopulos*, No. 96 Civ. 9317, 1998 WL 307079, at *5 (S.D.N.Y. June 11, 1998)) (additional citations omitted).

I see no basis for granting such extraordinary relief here. There appears to be no dispute that the Norwegian court has jurisdiction over the parties and the subject matter of their dispute, and that court is certainly competent to decide whether the parties are properly before it and whether that litigation should proceed. In addition, as the Norwegian court stated in its missive to the parties dated July 13, 2011, it is not clear that the claims raised before that court are in fact identical to those raised in this Court and before the ICC.

Both sides have also requested that the Court seal their various motion papers and supporting exhibits. After review of those papers, I see no basis to seal the requested documents. Generally, there is a presumption that matters filed in court should be filed publicly, and blanket requests to seal documents are disfavored. I see no reason to deviate from those principles here. The motions to seal are therefore denied. *See E.E.O.C. v. National Children's Center, Inc.*, 98 F.3d 1406, 1409-11 (D.C. Cir. 1996); *Penn Mutual Life Ins. Co. v. Berck*, No. Civ. A. 09-0578, 2010 WL 3294309, at *2-*3 (D.Md. Aug. 20, 2010).

**CONCLUSION**

Petitioner's motions to seal documents (Dkt. #38, #40) and its motion for a preliminary injunction (Dkt. #39) are denied.

Respondent's motion to seal documents (Dkt. #41) is denied.

The parties are hereby directed to electronically file the documents that are the subjects of the aforementioned motions to seal within one (1) week of the date of issuance of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      July 19, 2011.